UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JONTE CRAWFORD,

        Plaintiff,

        v.                           CAUSE NO.: 3:19-CV-671-RLM-MGG

CURTIS HILL, et al.,

        Defendants.

## OPINION AND ORDER

Jonte Crawford, a prisoner without a lawyer, filed a complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

In the complaint, Mr. Crawford alleges that, in 2012, he was charged as an adult without a hearing as to whether the jurisdiction of the juvenile court should be waived even though he was only seventeen years old. Mr. Crawford specifically refers to Ind. Code § 31-30-4-1, which provides that the State juvenile court doesn't have jurisdiction over individuals who are at least sixteen years old and have committed certain enumerated crimes. He asserts that the statutory scheme violated his right to procedural due process because he didn't receive an investigation and hearing. He further asserts that the statutory scheme violated

his right to equal protection because he was treated differently than other offenders under the age of eighteen. Mr. Crawford seeks an award of money damages.

"[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Mr. Crawford doesn't allege his conviction has been overturned in any way and it isn't plausible to infer that it has been.

Mr. Crawford maintains that Heck doesn't apply because his claims, if successful, wouldn't affect his conviction or sentence. The court reads the law differently. Under Indiana law, a child under the jurisdiction of a juvenile court can't be convicted of a crime, Ind. Code § 31-32-2-4, and "an improper waiver of jurisdiction by the juvenile court would void any subsequent adult criminal action." Shepard v. State, 273 Ind. 295, 297, 404 N.E.2d 1, 3 (1980). A finding that Mr. Crawford was improperly removed from juvenile court or shouldn't have been charged as an adult would have substantial consequences on his conviction and sentence. Consequently, Heck bars Mr. Crawford from proceeding on this complaint.

Even if Heck does not apply, Mr. Crawford's claims are subject to a two-year statute of limitations. See Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). "A § 1983 claim accrues when the plaintiff knows or should know that his or her constitutional rights have been violated." Hileman v. Maze, 367 F.3d 694, 696 (7th Cir. 2004). The statutory scheme for juvenile jurisdiction was publicly available when Mr. Crawford was charged as an adult in 2012, and, with reasonable diligence, he could have become aware of the facts underlying his claims at that time. Therefore, assuming that Heck does not apply, Mr. Crawford filed this lawsuit five years after the limitations period expired, and his claims are untimely.

Though it is usually appropriate "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, 633 Fed. Appx. 346, 348 (7th Cir. 2016); Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013); Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it does not state a claim upon which relief can be granted but without prejudice.

SO ORDERED on August 28, 2019

                                            s/ Robert L. Miller, Jr.
                                            JUDGE
                                            UNITED STATES DISTRICT COURT